### Wynne *v.* Gay, Appellant.

Argued September 29, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham and
Baldrige, JJ..

*Error assigned,* among others, was the finding for
the plaintiff.

*George V. Strong* of *Smith and Strong* and with him
*John Arthur Brown* and *Joseph J. Brown,* for ap-
pellant.

*Edreth P. Acton* and with him *William S. Furst,* for
appellee.

484

OPINION BY BALDRIGE, J., November 20, 1931:

This appeal is from a judgment entered in the municipal court by Judge LEWIS, sitting without a jury, in an action of assumpsit based on a promissory note signed by the defendant and made payable to the plaintiff.

The plaintiff testified that on September 26, 1925, he gave to Carr and Carr, real estate agents, representing O. P. Pickett, the owner of a lot in West Palm Beach, Florida, one thousand dollars "as binder," to be applied as part of the first payment of the purchase price of fourteen thousand dollars, "in case I made the first payment." Before January 26, 1926, the date when settlement was to be made, and six thousand dollars was to be paid, and a mortgage of seven thousand dollars was to be executed, he notified Carr and Carr that he did not desire to complete the sale and asked them to sell his equity in the lot. O. B. Carr stated that Gay was in Palm Beach at that time and desired to purchase the lot and it was then agreed that Gay, instead of Wynne, should take title. Six thousand dollars was paid in cash by Gay and, in lieu of paying Wynne the one thousand dollars cash for his equity, Gay gave him the note in question. Subsequently, Gay alleged the title was defective and refused to pay the balance of the consideration and denied his liability to pay Wynne his note on the ground that there was a failure of consideration. The learned court below held that Wynne did not sell or warrant the title to the land; all that he did was to relinquish his interest in the agreement. With that conclusion we concur.

In the affidavit of defense, Gay averred that he entered into an oral agreement with Carr and Carr, "representing O. P. Pickett," to purchase this lot, and that he relied upon their representations that Pickett owned the lot, and that a deed from Pickett to defendant would convey a good and marketable title. A

paper, dated January 26, 1926, and termed a "closing statement," shows a sale of lot "from O. P. Pickett to James H. Gay," and the mortgage for the balance of the consideration was executed on the 23d of January, 1926, by Gay to O. P. Pickett and E. A. Pickett. At the trial the defendant attempted to prove that Carr and Carr were the authorized agents of the plaintiff and, as such, warranted a good and valid title on the plaintiff's behalf. Objections were made to the testimony in view of the averments in the affidavit of defense. Defendant's counsel moved to amend the affidavit of defense but objection was made thereto as the testimony upon the part of the plaintiff was in the form of depositions and the interrogatories were based on those averments. No ruling was made on the motion and no exception was taken for the failure to allow an amendment. If an amendment had been allowed, however, the court would have been fully warranted in reaching its conclusion that, in fact, Carr and Carr represented the owner only of the lot. It is true that there was evidence that the plaintiff asked Carr and Carr to sell his equity in the lot, but he did not have the legal title thereto and he gave no warranty thereof. We do not dispute the contention of the appellant that representations made by the agents, Carr and Carr, bound the owner. But it is very clear that he knew that the title was in Pickett and that he was buying from him as the owner, not from Wynne. As Wynne was not the vendor thereof and there was no implied or expressed power in Carr and Carr to make representations to a title which bound him, the assignments must be overruled.

Judgment is affirmed.